UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 10-00228-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EMMETT L. MINOR, JR. | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Pending before the Court is a letter motion [Doc. No. 450] filed by Defendant Emmett L. Minor, Jr. Minor moves the Court to reduce his quarterly "fine" payment from $75 to $25 under the Bureau of Prisons' ("BOP") Financial Responsibility Program ("FRP").

Minor was originally sentenced on February 28, 2012, to serve 120 months imprisonment. As part of the March 1, 2012 Judgment [Doc. No. 416], Minor was required to pay a special assessment of $100, which was due and payable immediately. Minor was not ordered to pay a fine. According to the records of the Court, Minor has paid $50 towards his special assessment. Thus, he still owes $50.

Under these circumstances, it is unclear how or why the BOP would be collecting $75 from him at all. At most, the BOP should be collecting only the remaining $50.

However, if a defendant wishes to challenge the calculation or the manner in which his sentence is being executed, he must exhaust available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). The defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d

448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, it does not appear that Minor has exhausted his administrative remedies with the BOP. Further, since he is incarcerated in Memphis, Tennessee, this Court would not have jurisdiction over his section 2241 Petition.[1] Accordingly,

IT IS ORDERED that Minor's motion [Doc. No. 450], which the Court construes as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is DENIED and DISMISSED WITHOUT PREJUDICE to his right to re-file in the appropriate court once he has exhausted his administrative remedies.

MONROE, LOUISIANA, this 24th day of October, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] While the Court would have jurisdiction over a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, Minor does not appear to challenge the lawfulness of his sentence, just the BOP's manner of the execution of his sentence.