UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 10-0228-0001 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EMMETT L. MINOR | MAG. JUDGE KAREN L. HAYES |

RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by *pro se* Petitioner Emmett L. Minor [Doc. No. 467]. For reasons stated below, the motion is DENIED.

I.   BACKGROUND

The Superceding Indictment against Petitioner was filed in the Western District of Louisiana on August 25, 2010 [Doc. No. 23], charging him with one count of conspiracy to distribute and to possess with the intent to distribute 50 grams or more of cocaine.

On May 17, 2011, Petitioner pleaded guilty before Magistrate Judge Karen L. Hayes to the sole count of the Superceding Indictment against him.  Under the factual stipulation accompanying the plea agreement, Petitioner acknowledged his participation in the conspiracy by distribution of cocaine powder alone (the powder was later converted to crack by other defendants).  Without objection, the Court adopted Magistrate Judge Hayes' recommendation and adjudged him guilty on June 6, 2011.

Petitioner later attempted to withdraw his guilty plea and seek other counsel.  The Court held a hearing on November 7, 2011, but denied Petitioner's *pro se* motions. [Doc. No. 361].

On February 28, 2012, a sentencing hearing was held.  The Court adopted the Pre-

Sentence Report, under which Petitioner's sentence was calculated using powder cocaine ranges. The Court sentenced Petitioner to 120 months imprisonment and five years supervised release. [Doc. No. 416].

On March 5, 2012, Petitioner appealed to the United States Court of Appeals for the Fifth Circuit. [Doc. No. 420]. On appeal, Petitioner challenged this Court's alleged failure to rule on his motion to withdraw his guilty plea, and he sought re-sentencing under the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), pursuant to *Dorsey v. United States*, 132 S. Ct. 2321 (2012). On May 14, 2013, the Fifth Circuit rejected Petitioner's arguments and affirmed his conviction and sentence. [Doc. No. 466]. With regard to his claims under the FSA, the Fifth Circuit found that Petitioner had stipulated to his participation in a conspiracy to distribute powder cocaine and that, accordingly, he had been sentenced under the Guideilnes applying to powder cocaine. Since the FSA affected only the statutory and Guidelines sentences for crack cocaine, it had no application to Petitioner's case.

On September 6, 2013, Petitioner's § 2255 motion [Doc. No. 476] timely followed. Petitioner asserts the following four grounds for relief: (1) "At sentencing the United States allowed the District Court to violate the plea by sentencing the petitioner based on at least 5 kilograms but less than 15 kilograms of cocaine powder"; (2) "The District Court did not have the jurisdiction or the authority to impose a mandatory minimum sentence of 120 months based on the pleas made" because the mandatory minimum for 50 grams or more of crack cocaine under FSA was five years; (3) "The sentence that was imposed is in violation of the [FSA] because the mandatory minimum was five years"; and (4) counsel was ineffective for failing to make objections based on Grounds 1-3. [Doc. No. 476, pp. 5–6].

**II.     LAW AND ANALYSIS**

Section 2255 is a "post-conviction remedy to test the legality of [a federal prisoner's] detention." *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir.2004) (quoting *Kuhn v. United States*, 432 F.2d 82, 83 (5th Cir.1970)). To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a § 2255 motion. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992); *see also United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001) (defendant is barred from raising claims in his § 2255 motion that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom). Further, claims that were "raised and rejected" on direct appeal are "barred from collateral review." *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). A petitioner cannot avoid this rule of law by attempting to re-couch his claims for a favorable result on collateral review.

In this case, the first three grounds asserted by Petitioner were either raised on direct appeal or could have been raised on direct appeal. For those sentencing issues not raised on direct appeal, Petitioner has failed to show cause or prejudice. Moreover, given the Fifth Circuit's opinion, the claims lack merit. While Petitioner's ineffective assistance of counsel claims were not asserted (and typically cannot be asserted) on direct appeal, the Fifth Circuit found no error in the Court's application of the Guideline and statutory provisions for powder cocaine. Therefore, Petitioner could not establish that his counsel was ineffective for failing to raise meritless arguments. In short, Petitioner has no basis for relief.

### III. CONCLUSION

For the reasons stated above, Petitioner's motion [Doc. No. 467] under 28 U.S.C. § 2255 is DENIED.

MONROE, LOUISIANA, this 20th day of September, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE