UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 10-00228-01/USM NO. 09894-035 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EMMETT L. MINOR, JR. | MAG. JUDGE KAREN L. HAYES |

RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On May 17, 2011, Defendant Emmett L. Minor, Jr. ("Minor"), pled guilty to Count 1 of the Superceding Indictment against. Based on his plea, Minor admitted guilt to the charges in Count 1that he conspired to distribute and possess with intent to distribute 50 grams or more of crack cocaine during the time period between August 2009 and August 2, 2010.

Following Minor's plea, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report. The Probation Officer determined that Minor was subject to a statutory minimum sentence of 120 months imprisonment. After application of the statutory minimum, Minor's range of imprisonment under the United States Sentencing Guidelines was calculated to be 120-135 months.

On February 28, 2012, the Court sentenced Minor to serve the statutory minimum of 120 months imprisonment. A Judgment imposing that term of imprisonment was signed on March 1, 2012. [Doc. No. 416].

On January 21, 2015, Minor, acting *pro se*, filed a motion for consideration under 18 U.S.C. § 3582(c)(2), to determine if he is entitled to a reduction in his term of imprisonment in light of the United States Sentencing Commission's Amendment 782 to the Guidelines. [Doc. No. 516]. On the same day, the Office of the Federal Public Defender was appointed to represent him. [Doc. No. 518].

On July 30, 2015, the USPO met with counsel for the Government and for Minor. The parties all agreed that if the Supreme Court's decision in *Dorsey v. United States,* 132 S.Ct. 2321 (2012), is applicable, then Minor is eligible for a sentence reduction. After retroactive application of Amendment 782, Minor's offense level was reduced by two levels to 27, and his recommended Guidelines range of imprisonment was reduced to 87-108 months. If *Dorsey* applies, then the USPO, the United States Attorney, and counsel for Minor agreed to recommend to the Court that Minor receive a reduction in his term of imprisonment to 87months.

On October 8, 2015, counsel for Minor filed a sentencing memorandum. [Doc. No. 535], arguing that *Dorsey* is applicable, and Minor's term of imprisonment should be reduced to 87 months. The Government filed no response or objections.

**A.     Analysis**

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> ...
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir.1994)). However, the statute requires the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's

policy statements. In this case, the policy statement is contained in U.S.S.G. § 1B1.10(b), which provides:

> (b) <u>Determination of Reduction in Term of Imprisonment</u>--
>
> (1) <u>In General</u>.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> (2) <u>Limitations and Prohibition on Extent of Reduction</u>--
>
> (A) <u>In General</u>.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> . . .

U.S.S.G. § 1B1.10 (b)(1)-(2) (2014 Guidelines Manual). Amendment 782 is one of the "Covered Amendments." U.S.S.G. § 1B1.10(d).

In this case, if Minor remains subject to a statutory minimum sentence of 120 months, then the Court has no authority to reduce his term of imprisonment under § 3582(c)(2). If, on the other hand, *Dorsey* applies, and Minor is subject to the revised mandatory minimums under the Fair Sentencing Act of 2010 ("FSA"), the Court does have authority to reduce his term of imprisonment.

In *Dorsey*, the Supreme Court held that "Congress intended the [FSA's] new, lower

mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S.Ct. at 2335. Therefore, defendants sentenced on or after August 3, 2010, the effective date of the FSA, are entitled to application of the lower mandatory minimums, even if their offense conduct took place prior to that time. *Id.* at 2336. Minor's offense conduct took place between August 2009 and August 2, 2010, but he was sentenced in this matter on February 28, 2012, well after the effective date of the FSA. Therefore, the lower mandatory minimums now apply to him. For the conduct to which he pled guilty, conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack, he is now subject to a statutory minimum of 5 years or 60 months.

Based on its determination that *Dorsey* is applicable, the Court has the authority under § 3582(c)(2) to reduce Minor's sentence. The Court must now look to the recommended Guideline range of imprisonment of 87-108 months, since that range is greater than his statutory minimum. Having reviewed the record in this matter and considering the joint recommendation of the United States Attorney, the USPO, and the Office of the Federal Public Offender, the Court finds that a reduction to 87 months, the minimum range of imprisonment provided by the revised Guidelines calculations, is appropriate.

### B. Conclusion

For the foregoing reasons, the Court will issue a separate order reducing Minor's term of imprisonment to 87 months.

MONROE, LOUISIANA, this 6th day of November, 2015.

*[signature: Robert G. James]*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE